UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL COELHO, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| FRANCIS NOVA and | ) | |
| the CITY OF LAWRENCE, | ) | |
| | ) | |
| Defendants | ) | |

# COMPLAINT

## INTRODUCTION

1. This is an action for money damages brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I, Article 14 of the Massachusetts Declaration of Rights, and under the common law of the Commonwealth of Massachusetts, against Francis Nova (Nova), a police officer of the City of Lawrence, in his individual capacity, and against the City of Lawrence. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that Nova made an unreasonable seizure of the person of the Plaintiff, Paul Coelho (Coelho), and that Nova assaulted and battered Coelho in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

## PARTIES

3. Coelho is an individual residing at 6 Diamond Street, Apt. 5, South Lawrence, MA 01843.

4. Nova was at all times relevant to the allegations of this Complaint a duly appointed and acting officer of the police department of the City of Lawrence, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Lawrence.

5. The City of Lawrence is a municipality of the Commonwealth of Massachusetts and the public employer of Nova.

## STATEMENT OF FACTS

6. On June 7, 2020, Coelho participated in a small, public demonstration in Lawrence, Massachusetts in the aftermath of the death of George Floyd in Minneapolis, Minnesota.

7. During the course of the demonstration, Coelho briefly crossed a line of jersey barriers located near the intersection of Lowell and Amesbury Streets.

8. Mr. Coelho grabbed a few plastic water bottles that had been resting on top of one of the jersey barriers and tossed them in the direction of a formation of police officers who were standing across the block from the group of demonstrators.

9. Said officers were dressed in full riot gear and were equipped with helmets, shields, and body armor.

10. The plastic water bottles landed harmlessly far in front of the line of police officers.

11. Shortly thereafter, the line of officers in riot gear began to advance towards Coelho.

12. As they advanced, Coelho turned and began walking away from the officers back towards the crowd of demonstrators standing on the other side of the jersey barriers.

13. At this point in time, Coelho was unarmed, was retreating, and did not pose a threat to any officers or any members of the public.

14. Just before Coelho reached the line of jersey barriers and the group of demonstrators, Nova, who was dressed in full tactical gear, suddenly and without warning, sprinted towards Coelho from Coelho's left and violently tackled him head first into a light pole.

15. Coelho was completed blindsided by Nova's ambush and was unable to take any measures to defend himself.

16. The impact was substantial, resulting in trauma to Coelho's chest and multiple lacerations to his face.

17. Coelho was placed under arrest by Nova.

18. As a result of his injuries, Coelho was immediately transported by ambulance to Lawrence General Hospital for evaluation and treatment.

19. After being discharged from the hospital, Coelho was transported to the police station where he was booked by Nova.

20. On June 8, 2020, Nova sought a criminal complaint against Coelho, charging him with one count of Disorderly Conduct and one count of Trespassing.

21. Later that day, Complaint Docket No. 2018CR1554 was issued against Coelho by the Lawrence District Court, charging Coelho with one count of Disorderly Conduct and one count of Trespassing.

22. On October 28, 2021, the charges were dismissed by the Lawrence District Court for want of prosecution.

**COUNT I – UNLAWFUL SEIZURE AND ARREST (42 U.S.C. §§ 1983 and 1988)**

23. Coelho realleges and incorporates herein Paragraphs 1-22.

24. Nova, acting under color of law, intentionally and unlawfully seized Coelho without reasonable suspicion that he had committed a crime, was engaged in criminal activity, or

posed a danger to anyone.

25. Nova, acting under color of law, intentionally and unlawfully arrested Coelho without probable cause to believe that he had committed a crime.

26. Nova's actions deprived Coelho of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

27. As a direct result, the Coelho was deprived of his liberty and suffered harm.

28. Coelho is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT II – UNLAWFUL SEIZURE AND ARREST (M.G.L. c. 12 §§ 11H and 11I)

29. Coelho realleges and incorporates herein Paragraphs 1-28.

30. Nova, by means of threats, intimidation, and coercion, intentionally and unlawfully seized Coelho without reasonable suspicion that he had committed a crime, was engaged in criminal activity, or posed a danger to anyone.

31. Nova, by means of threats, intimidation, and coercion, intentionally and unlawfully arrested Coelho without probable cause to believe that he had committed a crime.

32. Nova's actions deprived Coelho of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

33. As a direct result, Coelho was deprived of his liberty and suffered harm.

34. Coelho is therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I.

## COUNT III – FALSE IMPRISONMENT (COMMON LAW)

35. Coelho realleges and incorporates herein Paragraphs 1-34.

36. Nova, acting under color of law, intentionally and unlawfully confined Coelho against his will.

37. Coelho was conscious of said unconsented-to confinement, deprived of his liberty, and suffered harm as a direct result.

38. Coelho is therefore entitled to damages under Massachusetts common law.

### COUNT IV – FALSE ARREST (COMMON LAW)

39. The Plaintiff realleges and incorporates herein Paragraphs 1-38.

40. Nova, acting under color of law, intentionally and unlawfully arrested Coelho without probable cause to believe that he had committed a crime.

41. As a direct result, Coelho was deprived of his liberty and suffered harm.

42. Coelho is therefore entitled to damages under Massachusetts common law.

### COUNT V – EXCESSIVE FORCE (42 U.S.C. §§ 1983 and 1988)

43. The Plaintiff realleges and incorporates herein Paragraphs 1-42.

44. Nova, acting under color of law, used excessive and unreasonable force in the course of detaining Coelho and placing Coelho under arrest, thereby depriving Coelho of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

45. Coelho suffered harm as a direct result.

46. Coelho is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT VI – EXCESSIVE FORCE (M.G.L. c. 12 §§ 11H and 11I)

47. The Plaintiff realleges and incorporates herein Paragraphs 1-46.

48. Nova, by means of threats, intimidation, and coercion, used excessive and unreasonable force in the course of detaining Coelho and placing Coelho under arrest, thereby depriving Coelho of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

49. Coelho suffered harm as a direct result.

50. Coelho is therefore entitled to damages pursuant to the MCRA, M.G.L. c. 12 §§ 11H and 11I.

### **COUNT VII - ASSAULT AND BATTERY (COMMON LAW)**

51. Coelho realleges and incorporates herein Paragraphs 1-50.

52. Nova intentionally touched Coelho without legal justification.

53. Said touching was unreasonable, offensive, unconsented to by Coelho, and caused physical injury to Coelho.

54. Coelho is therefore entitled to damages under Massachusetts common law.

### **COUNT VIII – MALICIOUS PROSECUTION (COMMON LAW)**

55. The Plaintiff realleges and incorporates herein Paragraphs 1-54.

56. Nova, motivated by malice towards Coelho, initiated criminal proceedings against the Coelho without probable cause to believe that Coelho had committed a crime.

57. The criminal charges brought by Nova against Coelho were subsequently dismissed by the Lawrence District Court for want of prosecution.

58. As a direct result of Nova's malicious actions, Coelho suffered harm.

59. Coelho is therefore entitled to damages under Massachusetts common law.

### **COUNT IX – ABUSE OF PROCESS (COMMON LAW)**

60. The Plaintiff realleges and incorporates herein Paragraphs 1-59.

61. Nova initiated criminal proceedings against Coelho.

62. Nova initiated said criminal process for an ulterior and/or illegitimate purpose, to wit: (1) to cover up his unlawful detention and arrest of Coelho and his use of excessive and unreasonable force in carrying out said detention and arrest, (2) to protect himself from

criminal and civil liability for his illegal actions, and (3) to frustrate Coelho from pursuing legal remedies available to him.

63. As a direct result of Nova's actions, Coelho suffered harm.

64. Coelho is therefore entitled to damages under Massachusetts common law.

### COUNT X – NEGLIGENCE
### (COMMON LAW)

65. Coelho realleges and incorporates herein Paragraphs 1-64.

66. Nova owed Coelho a duty of reasonable care.

67. Nova breached said duty of care in the course of detaining and arresting Coelho by tackling Coelho headfirst into a light pole.

68. As a direct result of said breach of duty, Coelho suffered physical injuries and experienced pain and suffering.

69. The City of Lawrence is legally responsible for the negligence of Nova, its employee, under the doctrine of *respondeat superior*.

70. Coelho is therefore entitled to damages under Massachusetts common law.

71. On May 6, 2021, Coelho sent a letter to the City of Lawrence via certified mail, which was received by the City of Lawrence on May 17, 2021, notifying the City of Lawrence of Coelho's negligence claim pursuant to G.L. c. 258, § 4.

72. Over six months have passed since the City of Lawrence's receipt of said presentment letter.

73. The City of Lawrence never responded to Coelho's presentment letter.

WHEREFORE, Coelho prays that this Honorable Court enter judgment on his behalf and:

1. Award appropriate compensatory damages to him from the Defendants jointly and severally in an amount to be determined by the Court;

2. Award him interest, costs, and attorney's fees; and

3. Award such other relief as this Court deems just, equitable, and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated: November 18, 2021  By: */s/ Peter A. Slepchuk*
Peter Alexander Slepchuk, BBO#: 682078
Attorney for the Plaintiff
155 Maple St., Suite 405
Springfield, MA 01105
Tel: (413) 736-3649; Fax: (413) 747-9022
E-mail: peter.alexander@slepchuklaw.com